**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| SOUTHERN STAIRCASE OF NORTH CAROLINA, INC., a Georgia corporation, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES P. BROWN and WILLIAM DAVIS, <br><br> Defendants. | CIVIL ACTION FILE NO.:  **3:07-cv-00471** |

**CONSENT PROTECTIVE ORDER
REGARDING CONFIDENTIALITY OF DOCUMENTS AND OTHER INFORMATION
TO BE PRODUCED IN DISCOVERY AND IN THE COURSE OF LITIGATION**

Plaintiff Southern Staircase of North Carolina, Inc. and Defendants Charles P. Brown and William Davis, by their respective counsel, stipulate and agree as follows:

1.      Any party or a non-party producing documents or other information (collectively "Information") in this litigation pursuant to a discovery request or a subpoena which that party reasonably believes is confidential and proprietary or constitutes private financial or personal information the public disclosure of which would be harmful to that party, may designate such Information, or any part thereof, as confidential (hereinafter "Confidential Information").  Any discovery material designated Confidential Information shall be marked by the producing party with the legend "CONFIDENTIAL" on each page or object so designated.  In addition, the producing party may designate information as confidential by reference to Bates stamp numbers on the documents.

2.      If any Confidential Information is provided inadvertently to a discovering party without being marked as Confidential in accordance with the terms of this Order, the failure to

so mark the Information shall not be deemed a waiver of the right to assert confidentiality.  A party may designate the Information as Confidential Information at a later date, at which time the provisions of this Order shall apply prospectively to such information.

3.    Each signatory hereto hereby agrees not to disclose Confidential Information to any person other than:

    (a)    counsel of record in this litigation and the attorneys, paralegals, and other employees to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation (collectively "Counsel");

    (b)    any party to this litigation and officers, directors and employees of a party, but only to the extent that such disclosure is reasonably deemed necessary by their respective Counsel for the conduct of this litigation, and provided that a party (or its officers, directors or employees) may retain Confidential Information only as long as it is necessary for the conduct of this litigation;

    (c)    independent experts and consultants retained by or associated with any party in order to assist its Counsel in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such Counsel for the performance of such assistance, and provided further that such experts or consultants may retain Confidential Information only as long as is necessary for the performance of such assistance;

    (d)    a party or non-party witness and counsel for such witness in the course of his or her testimony in a deposition or trial conducted in this action to the

extent deemed necessary by Counsel for a named party in order to examine such witness;

(e) persons who have prepared or assisted in the preparation of the Confidential Information or to whom the Confidential Information was addressed, delivered, or relates, but only to the extent that such disclosure is deemed by Counsel to be necessary for the conduct of this litigation, and provided further that such persons may not retain any Confidential Information;

(f) subject to the provisions of Paragraph 7 below, the Court in this action and Court personnel, including a stenographic reporter or certified videotape operator engaged in such proceedings as are a necessary incident to trial of this action and/or preparation of this action for trial; and

(g) any other person to whom the parties agree in writing.

4.    In addition to the protections afforded Confidential Information under this Order, a producing party may designate any Confidential Information which it further reasonably believes constitutes a trade secret or other highly confidential research, development, or commercial information, the disclosure of which to the other party or public would cause the producing party competitive harm, as Highly Confidential/Attorneys' Eyes Only by stamping every page or object containing such Information "Highly Confidential/Attorneys' Eyes Only" or by otherwise so designating sections of deposition transcripts or answers to interrogatories that contain such Highly Confidential/Attorneys' Eyes Only information.  In addition, the producing party may designate documents as "Highly Confidential/Attorneys' Eyes Only" by reference to Bates stamp numbers.  Information designated as Highly Confidential/Attorneys'

Eyes Only shall be subject to all of the restrictions, limitations and conditions pertaining to Confidential Information, and in addition, information designated as Highly Confidential/Attorneys' Eyes Only shall be viewed only by outside Counsel and their expert witnesses or expert consultants retained by Counsel who have executed and delivered to producing counsel an executed original of the Undertaking, and Court Reporters required to transcribe designated testimony. Any deposition testimony or exhibits which are designated as "Highly Confidential/Attorneys' Eyes Only" should be separately transcribed, sealed and marked as "Highly Confidential/Attorneys' Eyes Only."

5.     The parties specifically agree and acknowledge that any and all documents and information belonging to Plaintiff Southern Staircase in Defendants' possession and/or control are deemed to be Confidential Attorneys' Eyes Only Information unless later designated by the Court otherwise.

6.     Before disclosing Confidential Information to any party or non-party witness, expert or consultant (other than the producing party and its officers, directors, employees and experts), Counsel contemplating disclosure shall require such persons to read a copy of this Stipulation and Protective Order and sign a copy of the undertaking (the "Undertaking") attached as Exhibit A hereto affirming that the recipient (a) has read this Stipulation and Protective Order and understands all of its terms, (b) agrees to abide by and to be bound by the terms of this Stipulation and Protective Order; and (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Stipulation and Protective Order. Counsel shall retain each such undertaking until such time as the litigation, including all appeals, is concluded and counsel has retrieved all Confidential Information from the recipient in compliance with Paragraph 12 of this Stipulation and Protective Order.

7.      This Agreement shall be without prejudice to the right of any party to object to any discovery request on the grounds that the information requested is not relevant or otherwise discoverable.

8.      If a document or deposition transcript containing "Confidential Information" is filed with the Court, it shall be filed with the Clerk of the Court in a sealed envelope marked with the caption of the case, a schedule of the contents of the envelope, and the following notation:

**"Contains CONFIDENTIAL INFORMATION:  To Be
Opened Only By Or As Directed by the Court."**

9.      Should need arise during the trial or any hearing before the Court for any of the Parties to cause "Confidential Information" to be disclosed in open court, it may do so only upon stipulation of the producing party or after the producing party is given reasonable notice of such intended disclosure and is given a reasonable opportunity to seek safeguards from the Court.

10.     Confidential Information, whether or not ultimately made part of the public record, shall be used solely for purposes of the above-captioned litigation, including any appeals, and for no other business, litigation, or other purpose whatsoever.

11.     This Stipulation and Protective Order shall not prevent any of the Parties from moving this Court, after first having unsuccessfully requested withdrawal of a designation of "Confidential" or "Highly Confidential/Attorneys' Eyes Only," for an order that "Confidential Information" should not be designated as "Confidential" or "Highly Confidential/Attorneys' Eyes Only" and/or should not be subject to this Order.  On such a motion, the party asserting confidentiality shall have the burden of proving that the "Confidential Information" embodies its trade secrets or other research development or commercial information within the meaning of

Federal Rule of Civil Procedure 26(c)(7) and should in fact be designated as "Confidential" or "Highly Confidential/Attorneys' Eyes Only."

12.     The restriction set forth in the preceding paragraphs shall not apply to Information which:

      (a)    is or becomes disclosed to the public other than through violation of this Stipulation and Protective Order, provided, however, that Confidential Information shall not lose its Confidential status by reason of its use or disclosure in any proceeding in this litigation;

      (b)    is acquired by the non-producing party from a third party lawfully possessing such documents, materials or information; and

      (c)    was lawfully possessed by the non-producing party before discover in this action.

13.     Nothing in this Stipulation and Protective Order shall:

      (a)    prevent or restrict any person from using or disclosing in any way Information it has produced or disclosed in the course of discovery proceedings herein;

      (b)    prevent or restrict any person from seeking additional protection with respect to the disclosure of particular Information;

      (c)    prevent or restrict any person from seeking relief from this Stipulation and Protective Order for good cause shown;

      (d)    Prohibit a party from producing Confidential Information in its possession pursuant to a subpoena issued by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such

information, or by other compulsory process, <u>provided</u> that any person

receiving such a subpoena or other process shall notify the party that

originally produced the Information of such subpoena or process and

provide them with a reasonable opportunity to file objections to such

disclosure before the Confidential Information is disclosed.

14.    Except as may be otherwise agreed by the parties, not later than sixty (60) days

after the conclusion of this litigation, including all appeals, all copies of Confidential

Information supplied by the other side shall be destroyed or returned to the party that furnished

it, except for Confidential Information that has been incorporated into attorney work product.

The ultimate disposition of protected materials shall be subject to a final order of the Court upon

completion of the litigation.

Dated:        This 14th day of December 2007.


IT IS SO ORDERED:



Signed: December 20, 2007

Graham C. Mullen
United States District Judge

WE SO CONSENT:

/s/J. Michael Honeycutt
J. Michael Honeycutt
North Carolina State Bar No. 33437
Attorney for Plaintiff
Fisher & Phillips llp
Post Office box 36775
Charlotte, NC 28236-6775
Phone: (704) 334-4565
Fax: (704) 334-9774
E-mail:  honeycutt@laborlawyers.com

/s/Christopher M. Vann
Christopher M. Vann
North Carolina State Bar No. 20175
Attorney for Defendants
Vann Law Firm, P.A.
9940 Monroe Road, Suite 201
Matthews, North Carolina  28105
Phone:  (704) 845-6050
Fax:  (704) 845-1662
E-mail:  chrisvannatty@alltel.net

## UNDERTAKING REGARDING CONFIDENTIALITY

The undersigned individual hereby certifies that he/she has read the foregoing Stipulation and Protective Order Regarding Confidentiality Of Documents And Other Information Produced In Discovery, understands the terms thereof, and agrees to be bound thereby personally if receiving Confidential or Highly Confidential – Attorneys' Eyes Only Information in the course of the above-captioned litigation.

The undersigned acknowledges that breach of the Stipulation shall be actionable by any aggrieved party, including any party to the Action that is the subject of the foregoing Stipulation, and that such breach shall subject the undersigned to any and all applicable legal and equitable remedies for enforcement for the Stipulation and/or relief, including damages, for its breach.

Promptly upon termination of this action, I will return all Confidential Information which came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation and Protective Order in this action.


Date: _____     Name _____